UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION – CLEVELAND

| | | |
|---|---|---|
| MICHAEL PETERS, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| INMATE SERVICES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes Defendant, Inmate Services Corp. ("Inmate Services"), by and through undersigned counsel, and pursuant to 28 U.S.C. § 1332 and 1441 hereby removes the action captioned as *Michael Peters v. Inmate Services Corp.*, docket number CV-17-882659, as filed in the Cuyahoga County, Ohio Court of Common Pleas (the "State Court Action") to the United States District Court for the Northern District of Ohio, Eastern Division – Cleveland, based upon the following:

1. This is a civil action originally filed on or about July 5, 2017 in the Court of Common Pleas of Cuyahoga County, Ohio. A true and correct copy of Plaintiff's Complaint and accurate copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibit A.

2. Defendant was served with the summons and Complaint on July 11, 2017. This petition for removal is being filed within 30 days of Defendant's receipt of the service of the initial pleading.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**CLASS ACTION FAIRNESS ACT JURISDICTION**

4. Under 28 U.S.C. § 1332(d)(2), known as the Class Action Fairness Act ("CAFA"), the United States District Courts have original jurisdiction over putative class actions where: (1) there are at least 100 putative class members; (2) the amount in controversy exceeds $5,000,000; and (3) any proposed class member and any defendant are citizens of different states. See 28 U.S.C § 1332(d). Each of these requirements is satisfied here. Based on the allegations contained in Plaintiff's Complaint, Inmate Services Corp.'s review of records shows that the amount in controversy potentially exceeds $5,000,000; there are more than 100 putative class members; and there is minimal diversity, making removal under 28 U.S.C. § 1332(d)(2) appropriate.

5. Plaintiff Michael Peters has alleged a nationwide putative class action. Complaint, p. 2.

6. According to Plaintiff's Complaint, "there are at least hundreds of Class Members." Id.

7. There is diversity of citizenship between Inmate Services Corp. and at least one class member, whether named or not. See 28 U.S.C. § 1332(d).

8. Inmate Services Corp. is an Arkansas Corporation, with a principal place of business in Arkansas.

9. Plaintiff is an Ohio citizen. See Complaint, p. 1.

10. Under the CAFA, the claims of class members are aggregated to determine if the amount in controversy, including statutory attorney's fees, exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(6).

11. In assessing the amount in controversy, the court must assume that the allegations of the Complaint are true and that a jury will return a complete verdict for the Plaintiff.

12. Plaintiff's Complaint seeks a wide range of monetary relief, including: (1) compensatory damages, attorneys' fees, and costs for all class members; (2) pre-judgment interest; (3) post-judgment interest; and (4) all other further relief "as is just and appropriate." Plaintiff's Complaint, p. 10. However, the Complaint does not specify the purported amount of monetary relief sought.

13. The removing defendant is not required to concede liability or prove the amount of damages the plaintiff is likely to recover. Rather, the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of the defendant's liability. Thus, to carry its burden, the removing defendant merely needs to show that the potential damages could exceed the jurisdictional amount. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010) ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

14. Inmate Services Corp. expressly denies Plaintiff's allegations and denies that Plaintiff or any of the putative class members are entitled to any damages at all or other relief or recovery. But if Plaintiff's allegations are true, the potential damages and other monetary relief, i.e., the amount in controversy, would exceed $5,000,000.

15. According to Plaintiff's Complaint, hundreds of inmates were transported by Inmate Services Corp. during the time period at issue in Plaintiff's Complaint. Due to the number of potential class members, and the allegations set forth and relief sought in Plaintiff's Complaint, the monetary damages in this action would exceed $5,000,000 if those allegations contained in the Complaint were established by Plaintiff.

16. Of course, in acknowledging Plaintiff's request for monetary relief and attorney's fees, Inmate Services Corp. does not concede that such a request is reasonable, has any merit, or that Plaintiff is entitled to any attorney's fees, damages, or any relief or recovery whatsoever.

17. Inmate Services Corp. first received notice of the State Court Action on July 11, 2017, when it was served with Plaintiff's Complaint. Inmate Services Corp. has not yet answered, moved, or otherwise responded to Plaintiff's Complaint. By filing this Notice of Removal, Inmate Services Corp. does not waive any defense that may be available to it, including failure to state a claim upon which relief can be granted, lack of jurisdiction, or improper venue.

18. In accordance with 28 U.S.C. § 1446(d), a correct copy of this Notice of Removal with accompanying exhibits, along with a Notice of Filing of the Notice of Removal, will be filed in the Cuyahoga County, Ohio Court of Common Pleas.

19. Inmate Services Corp. reserves the right to amend or supplement this Notice of Removal and to submit evidence supporting it in the event that Plaintiff moves to amend.

**WHEREFORE,** Defendant Inmate Services Corp. hereby moves this action to this Court.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: /s/ Andrew M. Wargo
ANDREW M. WARGO (0058464)
DAVID J. FAGNILLI (0032930)
127 Public Square, Suite 3510
Cleveland, Ohio 44114-1291
Phone: (216) 912-3804
Email:  amwargo@mdwcg.com
        djfagnilli@mdwcg.com
*Counsel for Defendant Inmate Services Corp.*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2017, a copy of the foregoing was electronically filed with the Court.

W. Craig Bashein
Bashein & Bashien Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113
cbashein@basheinlaw.com

John P. Hurst
Bashein & Bashien Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113
jhurst@basheinlaw.com

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, Suite 1910
50 Public Square
Cleveland, Ohio 44113
pwf@pwfco.com

John J. Spellacy
John J Spellacy Co., L.P.A.
323 W. Lakeside Avenue, Suite 300
Cleveland, Ohio 44113
jspellacy@spellacylaw.com

                      MARSHALL DENNEHEY WARNER
                      COLEMAN & GOGGIN

                      By: */s/ Andrew M. Wargo*
                      ANDREW M. WARGO (0058464)
                      *Counsel for Defendant Inmate Services Corp.*